# In the Matter of TWO MINOR CHILDREN

High Court of American Samoa
Trial Division

JUV No. 2-90
JUV No. 11-90

May 1, 1990

Before REES, Associate Justice, TAUANU'U, Chief Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Petitioners, Togiola T.A. Tulafono and Roger Hazell

These petitions seek the termination of the rights of the natural parents so that the children can be legally adopted by their maternal grandparents. The children are nine and eleven years old, respectively. Until quite recently the children, their natural parents, and the prospective adopting parents lived together in the same household. This arrangement was in effect since the children were born. The natural parents have now moved to an adjacent house also owned by the grandparents; the evidence does not reflect whether the two children reside primarily in the house with their natural parents or with their grandparents.

When asked why she wanted to give her children up for adoption, the natural mother responded that it was because her parents had no one around the house to do the chores. This is a frequent motivation for informal fa'a Samoa adoptions. Such informal adoptions do not require the consent of the Court because they do not affect the legal rights and obligations of the parties. If the natural parents want to let their children live with the grandparents, and if the children want to live there, they are free to do so. A legal termination of parental rights --- in which the natural parents would have no right to reclaim the

children, and would have no legal obligation to support them in the event of the death or incapacity of the adopting parents --- is absolutely unnecessary.

A legal termination of parental rights can be granted only when it would be in the best interest of the children. In this case the natural parents are married, gainfully employed, and in their thirties. The grandfather is fifty-eight, retired, and receiving a disability pension. The grandmother is sixty and receives a small income from work she does in connection with the Territorial Administration On Aging. There has been no showing that the children will be better off if the legal rights and obligations of their parents are terminated.

The petitions are denied.